FIRST NATIONAL BANK OF MONETT, Appellant, v. MORKAMP, Defendant; MORKAMP, Interpleader, Respondent.

St. Louis Court of Appeals, March 17, 1908.

**EXEMPTIONS: Claim of Exemptions by Wife in Husband's Absence.** Under the provisions of section 3164, Revised Statutes 1899, providing that a wife may claim the statutory exemptions to which her husband is entitled when he "has absconded or absented himself from his usual place of abode," she may make such claim where the husband is in jail under penitentiary sentence.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*Mayhew & Sater* for appellant.

The rights of exemption must be determined by their status at the time of the issuance of the writ of

attachment. Caldwell v. Renfro, 99 Mo. App. 381. The wife only claims for the husband and she cannot claim for him unless he has abandoned, or absented himself from his usual place of abode, so that the ordinary process of law could not be served on him. Steele v. Leonori, 28 Mo. App. 681.

*R. H. Landrum* and *John C. Turk* for respondent.

The wife of W. H. Morkamp, this respondent, in his absence from his place of abode, when the levy is made, or at any time before the sale under it, may select and hold exempt from execution or attachment any property, real, personal or mixed, etc., not exceeding in value $300, and receive the same from the officer, and if such articles are withheld from her, may sue and recover the same or the value thereof. Lindsey v. Dixon, 52 Mo. App. 291; State v. Barada, 57 Mo. 562; State v. Romer, 44 Mo. 99. The statute is efficacious so that this interpleader is entitled to hold said personalty exempt from any legal process, it not exceeding in value $300 and was all the property Morkamp had from which exemption could be claimed. State v. Farmer, 21 Mo. 160; Paddock v. Lane, 94 Mo. 283; Bovrad v. Railway, 83 Mo. App. 498; Day v. Burnham, 82 Mo. App. 538. An exemption claim may be made at any time before money is paid on the property sold. State ex rel. v. O'Neill, 78 Mo. App. 26.

BLAND, P. J.—Defendant Morkamp forged the signatures of sureties to two notes, one for $100, the other for $75, and discounted them to the plaintiff bank. On discovering the forgery the bank brought suit by attachment against him and attached a lot of farming implements, some hogs, corn and grass seed. After the writ of attachment was levied Morkamp was charged with forgery and committed to jail, where he remained and was confined at the time of the trial. Following is an agreed statement of the facts:

"On April 7, 1906, and prior thereto, Wm. H. Morkamp obtained of the First National Bank the sum of $175 for which he had given two promissory notes, one for $100 and one for $75, payable sixty days after date; that all the signatures to said notes as to the makers, are said to have been forged except that of Mr. Wm. Morkamp; that on April 6, 1906, Wm. H. Morkamp and Lizzie Morkamp, his wife, had made a contract of sale of all their personal property that was not under mortgage to W. O. Folks, and E. A. Raigan, their brothers-in-law for the consideration of $200, none of which had been paid or any property delivered thereunder, on April the seventeenth the above plaintiff attached all the above named property of said Wm. Morkamp at the Morkamp residence, except the household and the kitchen furniture, and the property under mortgage that Wm. Morkamp and Lizzie Morkamp, his wife, owned, who, at the time, lived about six miles from Mt. Vernon, in Freistatt township where the said property was attached, and levied upon by the constable of Freistatt township on the morning of April 7, 1906, and served papers upon W. H. Morkamp by personal service, who had the property there in his possession; that Folks and Raigan were on the premises fixing to move the hogs and all other property by virtue of their bill of sale, but hadn't yet loaded or removed any of the same when the property was levied upon, by the constable; that Wm. Morkamp was on the tenth day of April, 1906, arrested on a criminal charge of forgery by virtue of a warrant sworn out by the prosecuting attorney of Lawrence county for forging the name of W. H. Hogemier, of Stotts City, and was taken to jail at Mt. Vernon on said date, where he has ever since remained and is at this time, said Wm. H. Morkamp is under a penitentiary sentence; that on the twenty-third day of April, 1906, Lizzie Morkamp, wife of W. H. Morkamp, who being, then in the jail as aforesaid,

claimed the property exempt from attachment and notified the constable of such claim and on his refusal to allow her such claim she filed her interplea herein on said day; that said mortgage above mentioned was given for bona fide debts of the defendant and the property afterwards sold and didn't pay the amount for which it was mortgaged."

Evidence was introduced to prove the value of the property. Plaintiff's evidence tends to show that when the writ of attachment was read to Mr. Morkamp, the officer notified him of his statutory exemption rights and asked him to set out what he claimed as exempt; that Morkamp replied he had sold everything he had and had nothing to make the claim on. To the contrary, the evidence for the interpleader tends to show that Morkamp was not apprised of his exemption rights by the officer and was not asked by him to point out or set out what he claimed to be exempt. The property attached was all the property Morkamp possessed, except an inconsiderable amount of household goods and other personal effects mortgaged to their full value.

But two questions are presented by the record for decision: First, does the evidence show that Mr. Morkamp waived his right to his statutory exemptions at the time the attachment was levied? This was an issue of fact for the jury which, under proper instructions, they found for the interpleader. The second question is, do the facts and circumstances show that Mrs. Morkamp, the interpleader, has a right, under the statute, to maintain the action? The statute (sec. 3164) provides that the wife may claim the statutory exemptions to which her husband is entitled when the latter "has absconded or absented himself from his place of abode," and that she may make the claim at any time before the property is sold by the officer making the levy or seizure. The absence of Morkamp from his home was involuntary. He was confined in jail and was not at liberty

to go to the officer and claim his exemptions. But it is claimed he could have filed his interplea and was therefore the proper party to interplead. It is true he was under no legal disability and might have filed an interplea for the property, claiming it as exempt from attachment. But the statute does not rest the right of the wife to claim property as exempt upon the ground that her husband is for any reason incapacitated to claim his exemption, but upon the fact that the husband is absent from his "place of abode." It seems to us that his involuntary as well as his voluntary absence places the wife in a position to make the claim under the statute. On the undisputed facts the interpleader was clearly entitled to recover, and the judgment is affirmed. All concur.