CARTHAGE STONE COMPANY, a Corporation, Respondent, v. ALBERT GERST, Administrator of the Estate of CLARA PICKEL, Deceased, Garnishee of CORNELIUS H. PICKEL and CHRISTIAN KAECHLE and Estate of CLARA PICKEL, Deceased, Appellants.

St. Louis Court of Appeals. Opinion Filed June 17, 1920.

EXEMPTIONS: Insane Husband: Wife Proper Party to Claim Exemptions Allowed Husband as Head of Family: Interplea. Where the wife of a defendant in a garnishment proceeding filed a so-called "interplea" after judgment, which contained an averment that long before the institution of the above entitled garnishment proceeding said defendant had been placed in an insane asylum for the

care, custody and treatment of the insane, and his liberty of action taken from him, and it further appears therein that he was not, however, duly adjudged insane and a guardian appointed for him until after the fund paid into court by the garnishee had been paid plaintiff, and until after the sheriff had in point of fact made sale of said defendant's interest in the real-estate, a demurrer to the so-called "interplea" was properly sustained, as under such state of facts the wife of said defendant, by virtue of section 2185, Revised Statutes of Missouri, 1909, became the proper party to claim, select and hold the exemptions allowed said defendant under the statutes as head of a family, and the procedure attempted by the so-called "interplea" was unauthorized.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Thomas C. Hennings,* Judge.

AFFIRMED.

*Julian Laughlin* for appellant.

*Carter, Collins & Jones* and *C. Edmunds Kimball, Jr.,* for respondent.

(1) The garnishment proceeding under the statute (Section 2413, R. S. 1909, et seq.) is legal and not equitable in its nature, and the court has no jurisdiction to determine any matter or any right of the parties involved in the proceeding other than the ownership of the fund garnished. Chapman v. Yancy, 172 Mo. App. 132, 145-146, and cases cited; Lackland v. Garesche, 56 Mo. 267, and cases cited. (2) When the court has determined to whom the fund in the hands of the garnishee belongs and has made an order carrying that determination into effect, its jurisdiction is at an end, save to enforce the order. Idem. (3) The jurisdiction of the circuit court having ended, it could not entertain interpleader's affidavit for appeal, and this court, therefore, is without jurisdiction. Idem. (4) The order of the circuit court of February 9, 1915, in the garnishment proceedings to pay over the money is final and conclusive, and no appeal having been taken by any

party to the proceeding within time, there is nothing before this court to review. City of St. Louis v. Boyce, 130 Mo. 572. (5) It was the duty of the Sheriff to notify Cornelius H. Pickel of his right to claim his exemptions, if he had any, and failure to give such notice renders the Sheriff liable on his official bond. R. S. 1909, sec. 2184; State to the Use of v. Harrington, 33 Mo. App. 476.; State to the Use of v. Bierwirth, 47 Mo. App. 551; State ex rel. v. Dickmann, 124 Mo. App. 653.

BECKER, J.—On January 14, 1915, a writ of *fieri facias* was issued by the circuit court of St. Louis, Missouri, in the case of Carthage Stone Company, a corporation, plaintiff, v. Cornelius H. Pickel and Christian Kaechle, defendants, and on January 30, 1915, the sheriff of the city of St. Louis made his return, that he had executed said writ by levying upon and seizing all the right, title and interest of defendants Cornelius H. Pickel and Christian Kaechle in certain real estate in the city of St. Louis, and that, by order and direction of the attorney for plaintiff, he further executed said writ on the 14th day of January, 1915, by declaring, in writing, to Albert Gerst, administrator of the estate of Clara Pickel, deceased, that he attached in his hands all debts due and owing from him to said defendants, Cornelius H. Pickel and Christian Kaechle, and all goods and moneys, etc., of said defendants, and summoning him, in writing, as garnishee, and that he further executed the writ by summoning Albert Gerst, administrator of the estate of Clara Pickel, deceased, as garnishee, by declaring to him, in writing, that he summoned him to appear before the circuit court at the return term of said court on the first Monday of the following February, to answer such interrogatories as might be exhibited and propounded to him by the plaintiff, and by delivering to said Albert Gerst a notice of such garnishment.

Plaintiff's interrogatories were filed February 3, 1915, and on February 6, 1915, the garnishee filed his answer, stating he had the sum of $519.80 belonging to defendant Cornelius H. Pickel. On February 8, 1915, the court ordered the garnishee to pay the sum in his hands into court, and on the same day the sum of $519.80 was paid into court by said garnishee. On February 9, 1915, the court ordered the clerk to pay to the plaintiff or its attorney of record the fund of $519.80, less $15, for an allowance to the garnishee for answering, and the costs of the proceeding, and on February 15, 1915, the attorneys for the plaintiff, were paid $499.95, and the clerk was paid $19.85 for costs.

On the 8th day of March, 1915 (and more than four days after the judgment ordering the clerk to pay the money as aforesaid), Ella Pickel, guardian and curatrix of Cornelius H. Pickel, filed a so-called "interplea" in the circuit court, which recites that on February 16, 1915 (the day following the day of payment of the money by the clerk of the court to plaintiff's attorneys), Cornelius H. Pickel had been duly declared *non compos mentis,* and that the interpleader Ella Pickel was duly appointed as guardian and curatrix of the said Cornelius H. Pickel; that she gave bond and duly qualified as such, and states that at the time the garnishment proceeding was instituted said Pickel was a citizen and resident of the State of Missouri and a married man and the head of a family and as such entitled to certain exemptions under the laws of Missouri, and that by reason of the fact that he was of unsound mind at the date the garnishment proceeding was instituted and continuously ever since, though he was not declared of unsound mind until the 16th day of February, 1915, that said Pickel's exemption claim "had not been and could not be made by him." Said "interplea" concludes with the following prayer:

"Wherefore interpleader prays that this Honorable Court will make an order on said Collins, Barker & Britton, Attorney for said Carthage Stone Com-

pany, requiring said Carthage Stone Company or said Collins, Barker & Britton to pay into court for the use of interpleader as guardian and curatrix of said Cornelius H. Pickel the sum of $300 out of the amounts realized by plaintiff from the sale of such real estate and from the amount received from such garnishee as the legal exemptions of said Cornelius H. Pickel according to the statutes in such cases made and provided and for such other and further orders and relief as to the court may seem meet and proper in the premises together with the costs of this proceeding.''

A motion to strike this so-called interplea from the files was filed by the plaintiff on March 23, 1915, which motion the court, on April 26, 1915, overruled. An answer was then ,led by plaintiff and later withdrawn by leave of court on February 16, 1917, and on the same day a demurrer to the "interplea" was filed by plaintiff below, respondent here, which demurrer was submitted to and sustained by the court on May 14, 1917.

After a motion to set aside the order sustaining plaintiff's demurrer had been overruled and an affidavit for appeal filed, and withdrawn by the "interpleader," judgment was entered for plaintiff on its demurrer, on October 23, 1917.

Finally, on November 30, 1917, affidavit for appeal was filed by the "interpleader," and an appeal granted the "interpleader" to this court.

The action of the learned trial court in sustaining plaintiff's demurrer to the so-called "interplea" must be sustained. Said "interplea" contains an averment that, "long before the institution of the above entitled garnishment proceeding said Pickel had been placed in an asylum for the care, custody and treatment of the insane and his liberty of action taken from him," and it further appears therein that said Pickel was not however duly adjudged insane and a guardian appointed for him until *after* the fund paid into court by the garnishee had been paid plaintiff and until after the sheriff had in point of fact made sale of said Pickel's

interest in the real estate. In this state of facts it follows, under the authority of First National Bank of Monett v. Morkamp, 130 Mo. App. 118, 108 S. W. 1085 (see also Martin v. Barnett, 158 Mo. App. 375, 138 S. W. 538) that Ella Pickel, wife of said Cornelius H. Pickel, by virtue of section 2185 Revised Statutes of Missouri, 1909, became the proper party to claim, select and hold the exemptions allowed Pickel under the statutes as the head of a family. But said Ella Pickel failed to make any claim for exemptions as provided by our statutes. We know of no authority and have been cited none, authorizing the procedure attempted by the so-called "interplea."

It follows that the judgment is affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.